IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-302-FL-1
NO. 5:12-CV-455-FL

| | |
|---|---|
| ANTWAN LEE OWEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 27). On August 15, 2012, the government filed a response to the motion, waiving its statue of limitations defense, and suggesting that the court reach the merits of the § 2255 petition.

On June 18, 2007, petitioner pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The court sentenced petitioner on September 13, 2007, to a term of 120 months' imprisonment, followed by a three-year term of supervised release. In light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year. A necessary element of the crime of conviction is therefore lacking. See 18 U.S.C. § 922(g)(1). Where the government waives statute of limitations defenses and concedes that petitioner's motion to vacate sentence should be granted, and where the court, having reviewed the record, finds petitioner's motion meritorious, said motion is GRANTED, and the judgment of conviction and sentence dated September 13, 2007, is VACATED. Petitioner

is ORDERED to be released from federal custody, subject to pending detainers, if any, unless some cause be shown by the government on or before noon on September 14, 2012, why petitioner is not now entitled to this relief.

SO ORDERED, this the 12th day of September, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

2